**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>SERGIO JIMENEZ-PALMA, a.k.a. Juan Kamarillo-Rosas,<br><br>　　　　Defendant - Appellant. | Nos. 13-10181<br>　　　　13-10183<br><br>D.C. Nos. 4:12-cr-02273-DCB<br>　　　　　4:07-cr-01850-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted December 17, 2013[**]

Before:　　GOODWIN, WALLACE, and GRABER, Circuit Judges.

　　Sergio Jimenez-Palma appeals from the district court's judgment and challenges the 42-month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326; and the 18-month

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez-Palma contends that the district court procedurally erred by failing to explain the revocation sentence and by using his prior illegal reentry sentence, which resulted from a Guidelines-calculation error, as a benchmark in fashioning the instant sentences. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court adequately explained the aggregate sentence and used the Guidelines range as the starting point and initial benchmark before determining that an upward variance was appropriate.

Jimenez-Palma further contends that the alleged procedural errors rendered his sentences substantively unreasonable. The district court did not abuse its discretion in imposing Jimenez-Palma's sentences. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentences are substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors, including his failure to be deterred and breach of the court's trust. *See id*; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**